IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMOS FULFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-365-NJR |
| ) | |
| ) | |
| C/O HEATHERLY, SHERRY BENTON, ) | |
| S. LANE, and TERRY A. GRISSOM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Amos Fulford, who at the time he filed his original Complaint was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Fulford's original Complaint (Doc. 1) was dismissed without prejudice because he failed to include any allegations (Doc. 5). In his Amended Complaint (Doc. 10), Fulford alleges he was held in unsafe conditions in light of the coronavirus pandemic, in violation of the Eighth Amendment.

The case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Fulford makes the following allegations in the Amended Complaint (Doc. 10): On July 17, 2020, Fulford wrote a grievance about what he believed were unsafe conditions in prison during the middle of the coronavirus pandemic (*Id.* at p. 12). He believed vital information about whether or not staff had contracted the virus was being withheld. He also believed that he could easily be placed on home monitoring and avoid the risk of catching the virus. His grievance was denied. He later contracted the coronavirus (*Id.*). Fulford complains that there was no prison-wide testing policy while he was housed at Vienna. Only certain inmates were chosen for testing. S. Lane and Heatherly reviewed his grievance but referred Fulford to flyers and posters about IDOC's response to the virus (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following single count:

> **Count 1:** **Eighth Amendment deliberate indifference to conditions of confinement against Defendants for not providing information or prison-wide testing protocol for the coronavirus.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court finds that Fulford's allegations in his Amended Complaint again fail to state a claim. He has now identified Sherry Benton and Terry Grissom in the caption of the Amended Complaint (he previously failed to include any individuals in the caption (*see* Doc. 1, p. 1)), but he fails to include any allegations against them in his statement of claim.

He also fails to state a claim as to Lane and Heatherly. In order to establish a claim for inhumane conditions of confinement, an inmate must allege: (1) that he was housed under conditions that were "'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities,'" and (2) the defendant was deliberately indifferent to that risk. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). But here Fulford merely alleges that Lane and Heatherly denied his grievance and referred him to flyers and posters about the prison's response to the coronavirus. Although Fulford believes that Defendants should have done more in response to his grievance, the mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Fulford does not allege that either Defendant instituted the coronavirus testing policy that he takes issue with in his Amended Complaint, nor does he allege that they were responsible for the conditions he faced at the prison. Thus, Fulford again fails to state a claim.

This is Fulford's second attempt to file allegations that state a claim. He failed to do so. The Court finds that any additional amendment would be futile. Accordingly, the Amended Complaint, along with this entire action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

Accordingly, Fulford's Amended Complaint (Doc. 10) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Fulford wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Fulford does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure

59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 7, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**